(945 P.2d 420)
No. 77,451

In the Matter of B.A.M.

Opinion filed September 26, 1997.

*Kathleen L. Sloan*, of Overland Park, for appellant.

*Mary Stephenson Hosack*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before PIERRON, P.J., ELLIOTT, J., and DAVID W. KENNEDY, District Judge, assigned.

ELLIOTT, J.: B.A.M. appeals his juvenile offender adjudication, arguing the evidence was insufficient because the State did not obtain a specific in-court identification of him.

We affirm.

B.A.M. was charged with possession of drug paraphernalia. The State called only one witness, the police officer who issued the citation. The trial court held an in-court identification of B.A.M. was not necessary because identification could be inferred from the evidence presented. Specifically, the trial court found that during the police stop, B.A.M. identified himself as B.A.M., and the officer spent 45 minutes confirming his name, address, driver's license number, and physical description.

This appeal presents a question of first impression in Kansas. Other courts have, essentially, uniformly held that a courtroom identification is not necessary when the evidence sufficiently permits the inference that the defendant on trial is the defendant who committed the crime charged. See, *e.g.*, *United States v. Morrow*,

925 F.2d 779, 781 (4th Cir. 1991); *United States v. Doherty*, 867 F.2d 47, 67 (1st Cir. 1989); *United States v. Hoelscher*, 764 F.2d 491, 496 (8th Cir. 1985); *United States v. Fern*, 696 F.2d 1269, 1276 (11th Cir. 1983); *State v. Lingar*, 726 S.W.2d 728, 732-33 (Mo. App.), *cert. denied* 484 U.S. 872 (1987).

In reaching our decision, we rely heavily on *United States v. Fenster*, 449 F. Supp. 435 (E.D. Mich. 1978), which analyzes this issue in some detail. Following that analysis, the *Fenster* court found the objection to a lack of a specific in-court identification was "highly technical" and ruled the reasonable inferences drawn from the evidence permitted a finding beyond a reasonable doubt regarding the defendant's identity. 449 F. Supp. at 440-42.

In short, we find no impressive case law which *requires* an in-court identification, at least where the evidence supports an inference of sufficient identification.

B.A.M. also argues there was not sufficient evidence, absent an explicit in-court identification, to infer his identity.

The burden of proof in juvenile offender cases, of course, is the same as the burden in criminal cases—proof beyond a reasonable doubt. *In re T.K.*, 11 Kan. App. 2d 632, 637, 731 P.2d 887 (1987). Accordingly, B.A.M.'s identity must be proven beyond a reasonable doubt.

Officer Melody Rayl testified that when stopped, B.A.M. identified himself as B.A.M.; he gave the officer his address and license number because he did not have the license with him. Officer Rayl then spent 45 minutes with police computer files confirming B.A.M.'s identity—confirming his name and address and confirming that the physical description from the computer matched the physical description she observed of B.A.M.

In this state, a conviction can be sustained solely on circumstantial evidence. *State v. Graham*, 247 Kan. 388, 398, 799 P.2d 1003 (1990). Clearly, B.A.M.'s identity could be inferred from the circumstantial evidence presented, absent the explicit in-court identification.

We recognize that trial courts in this state have long "required" an in-court identification. We also recognize that the law schools of this state have long taught students to ask the initial question

concerning an in-court identification of a defendant. By our decision today, we do not want anyone to believe we are mandating the trial courts and law schools of this state to lessen their diligence. Here, the State's "mistake" is covered by the testimony of Officer Rayl.

On the other hand, we must also observe that the "law is the only profession which records its mistakes carefully, exactly as they occurred, and yet does not identify them as mistakes." Brown, *Legal Autopsy*, 39 J. Am. Judicature Soc'y 47 (1954).

The State's "mistake" has not gone unnoticed.

Affirmed.