(241 P.3d 581)
No. 102,753

THE CITY OF ARKANSAS CITY, *Appellee*, v. JOHN SYBRANT, *Appellant*.

Opinion filed November 5, 2010.

*Larry R. Schwartz*, of Arkansas City, for appellant.

*Tamara L. Niles*, city attorney, for appellee.

Before RULON, C.J., GREENE, J., and KNUDSON, S.J.

KNUDSON, J.: John Sybrant appeals his convictions of driving under the influence (DUI) of alcohol and failing to maintain a single lane of traffic, arguing that he was convicted of an offense for which he had not been properly charged, that the district court erred in instructing the jury on DUI, that the State presented insufficient evidence of Sybrant's identity as the perpetrator of the charged crimes, and that the district court erred in refusing to honor Sybrant's request for self-representation. We affirm in part, reverse in part, and remand with directions to vacate Sybrant's convictions and grant a new trial.

## UNDERLYING CIRCUMSTANCES

On August 29, 2005, Lieutenant Mark McCaslin of the Arkansas City Police Department arrested Sybrant for DUI. A blood test revealed that the alcohol concentration in Sybrant's blood exceeded the legal limit of .08 at the time he had been driving.

The City charged Sybrant with DUI and failing to maintain a single traffic lane. Sybrant entered a nolo contendere plea to both counts. He was sentenced by the municipal court to 180 days in jail but required to serve only 5 days, followed by a 12-month term of supervised probation. The court imposed a fine of $1,000 for

the DUI conviction and a $60 fine for the failure to maintain a single traffic lane conviction.

Sybrant filed a timely appeal to the district court, requesting a de novo jury trial. Following trial, the jury convicted Sybrant of DUI and failure to maintain a single traffic lane. The district court denied Sybrant's motion to set aside the verdicts and his motion for new trial and affirmed the sentences imposed by the municipal court. Sybrant then filed this appeal.

*Was Sybrant convicted of a crime for which he was not properly charged?*

Sybrant contends his conviction for DUI must be reversed and vacated because, in granting Sybrant's motion for judgment of acquittal on the State's theory of DUI based upon the alcohol concentration in Sybrant's breath or blood, the district court dismissed the only DUI count charged in the City's amended complaint.

The complaint or information is the jurisdictional instrument upon which a defendant is brought to trial; it must allege the essential elements of the charged offenses. *Carmichael v. State*, 255 Kan. 10, 12, 872 P.2d 240 (1994). " 'An information is the only vehicle by which a court obtains its jurisdiction, and is a limit upon that jurisdiction. Therefore, where the information charges no crime, the court lacks jurisdiction to try the accused.' " 255 Kan. at 13 (quoting 22 C.J.S., Criminal Law § 157, p. 188). Furthermore, if a crime is not specifically stated in the complaint or information or is not a lesser included offense of the crime charged, the district court lacks jurisdiction to convict a criminal defendant of the crime. *State v. Gonzales*, 289 Kan. 351, 367, 212 P.3d 215 (2009).

In this case, the City relied upon the municipal court complaint in Sybrant's appeal to the district court. See *City of Wichita v. Maddox*, 271 Kan. 445, 454, 24 P.3d 71 (2001) ("[A] district court hearing an appeal from a municipal court does not have to rearraign the accused person on any of the charges and may properly hold the trial on the basis of the municipal court complaint [if it is not required to be amended as allowed by K.S.A. 22-3610(a)]."). The City's amended municipal court complaint, with respect to the DUI charge, provided:

"1. That on or about the 29th day of August, 2005, the Accused Person John Sybrant, did, within the City Limits of the City of Arkansas City, Cowley County, Kansas, then and there unlawfully commit the offenses of:

"(Count 1) Driving Under the Influence of Intoxicating Liquor or Drugs— Second Offense, in violation of Arkansas City Municipal Code Standard Traffic Ordinance Article 6, Section 30, when the Accused Person operated a motor vehicle in this city while the alcohol concentration in the person's blood or breath was in excess of the legal limit."

Clearly, the complaint alleged the commission of DUI by operation of a motor vehicle while the alcohol concentration in Sybrant's blood was in excess of .08, but the complaint omits the language of the city ordinance that mirrors state law and permits an alternative charge of DUI to be based on a driver's inability to operate a motor vehicle safely. Therefore, although not precisely framed, Sybrant's appellate argument essentially challenges his conviction on the basis of a defective complaint. Appellate review of an allegedly deficient complaint is unlimited. *State v. Reyna*, 290 Kan. 666, 675, 234 P.3d 761 (2010).

In response, the City contends that any specificity with respect to the particular subsection of DUI in the complaint is irrelevant because such specificity in pleading is not required in municipal court complaints. Citing *State v. Boyle*, 21 Kan. App. 2d 944, 947, 913 P.2d 617 (1996), the City contends that the amended complaint was adequate because it alleged the offense of conviction.

*Boyle* involved a municipal court conviction based upon a written citation for DUI that complied with the requirements of K.S.A. 8-2106(b). Noting that K.S.A. 12-4205a specifically allows prosecution of certain misdemeanor traffic offenses upon a citation that complies with K.S.A. 8-2106(b), the *Boyle* court rejected the defendant's argument that additional specificity was required. 21 Kan. App. 2d at 947.

Contrary to the City's position, the complaint issued in the present case did not contain all of the information required by K.S.A. 8-2106(b). There is no information regarding the type of vehicle, the registration number of the vehicle, or any other information that is less relevant to the facts of this particular case. It is unnecessary to decide in this case whether information within the traffic

citation may supplement a municipal court complaint because a traffic citation was not included in the record on appeal and, therefore, this court must presume that the facts do not support a finding that the traffic citation, if it exists, would supplement the complaint. See *Porter v. State*, 37 Kan. App. 2d 220, 222, 152 P.3d 89, *rev. denied* 284 Kan. 946 (2007) (citing Kansas Supreme Court Rule 6.02[d] [2006 Kan. Ct. R. Annot. 36]).

In *Boyle*, this court acknowledged that municipal court complaints issued for nontraffic offenses must comply with K.S.A. 22-3201. 21 Kan. App. 2d at 947 (citing *State v. Shofler*, 9 Kan. App. 2d 696, 697-98, 687 P.2d 29 [1984]). Similarly, there is no apparent reason that a municipal court complaint that does not reflect the requirements of a traffic citation and/or incorporate by reference a valid traffic citation should avoid the requirements of K.S.A. 22-3201.

K.S.A. 22-3201 provides in pertinent part:

"(b) The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. . . . The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule and regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant.

"(c) When relevant, the complaint, information or indictment shall also allege facts sufficient to constitute a crime or specific crime subcategory in the crime seriousness scale."

The amended municipal court complaint at issue in this case substantially complies with the requirements of K.S.A. 22-3201(b) and (c) and validly charges DUI based upon Sybrant's alcohol-concentration level. The district court clearly possessed jurisdiction to try Sybrant for this offense. The question presented by Sybrant in this appeal is whether the district court also possessed jurisdiction to try and convict Sybrant for DUI based upon his inability to operate a motor vehicle safely.

The proper avenue for challenging a defective complaint is a motion for arrest of judgment pursuant to K.S.A. 22-3502, which provides:

"The court *on motion of a defendant* shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made within 10 days after the verdict or finding of guilty, or after a plea of guilty or *nolo contendere*, or within such further time as the court may fix during the 10-day period." (Emphasis added.)

Sybrant did not file a motion for arrest of judgment but raises his challenge to the defective complaint for the first time on appeal. Accordingly, this court applies the standard of review set forth in *State v. Hall*, 246 Kan. 728, 765, 793 P.2d 737 (1990), *overruled in part on other grounds Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003); see *Reyna*, 290 Kan. at 677. The *Hall* standard requires the aggrieved criminal defendant to establish prejudice in one of three ways: (1) The defective complaint has impaired the defendant's ability to prepare a defense; (2) the complaint would prevent the defendant from raising a double jeopardy defense in a subsequent prosecution; or (3) the complaint limited, in any manner, the defendant's constitutional right to a fair trial. *Reyna*, 290 Kan. at 678.

Sybrant fails to allege any specific prejudice arising from the defective complaint, and an independent review of the record reveals no prejudice sufficient to mandate reversal of Sybrant's conviction for DUI. Throughout the district court proceedings, the City maintained that Sybrant was incapable of operating his vehicle safely due to the influence of alcohol. The City forwarded this theory in its proposed jury instructions and in its opening statements. When the district court introduced the case to the potential jurors, the court noted that the City was proceeding under alternate theories of DUI. Sybrant never objected to the City's theory that he was influenced by alcohol to a point that rendered him incapable of operating a motor vehicle safely, and the record provides no indication that Sybrant was surprised or confused by this theory of DUI.

Sybrant's defense consisted of denying Lieutenant McCaslin's allegations regarding Sybrant's conduct on the date in question and providing a rational, legal explanation for his slow speed and weaving within his lane of traffic. In view of the defense presented, it

is difficult to perceive how Sybrant's defense was impaired by the complaint's failure to include the operational alternative of DUI or how the defect in the complaint affected Sybrant's ability to obtain a fair trial in any respect.

Additionally, Sybrant's conviction of DUI for the alternate theory of DUI provides no real possibility that the City or State could subject Sybrant to further prosecution for the same crime arising out of the same facts. Therefore, Sybrant's double jeopardy defense remains intact.

Because Sybrant cannot establish any prejudice under the *Hall* standard, the defects in the City's amended municipal court complaint do not demand reversal of Sybrant's conviction for DUI.

## *Was the jury instruction on DUI clearly erroneous?*

Sybrant contends the district court erred in its DUI elements instruction to the jury. Sybrant acknowledges that he did not object to the instruction at trial.

When a criminal defendant challenges a jury instruction on appeal without objecting to the instruction at trial, an appellate court will reverse a conviction and order a new trial only where the instruction is clearly erroneous, meaning that the court is firmly convinced of a real possibility that the jury would have rendered a different verdict if the erroneous instruction had not been given. *State v. Trautloff*, 289 Kan. 793, 802, 217 P.3d 15 (2009); see K.S.A. 22-3414(3).

The jury instruction on DUI validly presented the elements of the offense under a theory that Sybrant was incapable of safely operating his vehicle on the date in question. Sybrant's only objection to the instruction is that it does not reflect the charged alternative of the offense, which is essentially a repetition of his first argument in this appeal.

In *Trautloff*, the Kansas Supreme Court found clearly erroneous a jury instruction that expanded the narrow scope of sexual exploitation of a child charged in the information. The court noted that a jury instruction on the elements of a crime that is broader than the complaint is erroneous and excusable only where the substantial rights of the defendant have not been prejudiced by the

error. Finding that the broader scope of the jury instruction permitted the jury to find conduct that was not charged in the complaint to support a conviction, the *Trautloff* court concluded that the defendant's substantial rights had been prejudiced by the instruction. 289 Kan. at 802-03.

Similarly, in *State v. Wade*, 284 Kan. 527, 161 P.3d 704 (2007), the State had charged the defendant with aggravated burglary without alleging the intended felony upon which the charge was predicated, but the State had cured this defect by advising the court and defense that it intended to rely upon first-degree premeditated murder as the underlying felony. At trial, however, the jury was instructed that the underlying felony could be premeditated murder or aggravated assault based upon the defendant's testimony.

On appeal, the Kansas Supreme Court concluded that the broader jury instruction prejudiced the defendant because the State had proceeded on the theory that Wade intended to commit premeditated murder throughout its case-in-chief and only presented the alternate theory after Wade testified and essentially admitted to aggravated assault. *Wade*, 284 Kan. at 537.

The present case is distinguishable from both *Trautloff* and *Wade*. Although *Trautloff* did not explicitly state the reason that the defendant was prejudiced by the jury's ability to rely on conduct other than that charged in the information, it is clear that the prejudice lay in Trautloff's lack of notice of the conduct against which he was expected to defend himself. This prejudice was specifically articulated in *Wade*. See 284 Kan. at 536 ("Where the State falters is in its assessment of the surprise and misdirection created by its erroneous instruction.").

In contrast, as related in the previous discussion, the State presented its alternative theories of DUI throughout the district court proceedings. Sybrant's presentation of his defense or decision to testify could not have been influenced by the City's complaint that omitted the operational theory of the offense. Sybrant can demonstrate no surprise or confusion caused by the jury instruction on DUI provided in this case. Consequently, the jury instruction does not mandate reversal of Sybrant's DUI conviction.

*Does the record contain sufficient evidence of Sybrant's identity to support the convictions?*

Sybrant next challenges the sufficiency of the City's evidence regarding the identity of Sybrant as the person who committed the charged DUI. When the sufficiency of the evidence is challenged in a criminal case, the appellate court must review the record in a light most favorable to the State and determine whether a rational factfinder could have concluded beyond a reasonable doubt that the accused had committed the crime that is being challenged. *Trautloff*, 289 Kan. at 800.

Circumstantial evidence may support a conviction if the evidence provides a sufficient basis from which a reasonable factfinder could infer the existence of the fact in issue, even if the evidence does not exclude other reasonable inferences. *State v. Scaife*, 286 Kan. 614, 618, 186 P.3d 755 (2008). An in-court identification of the defendant is not necessary if the evidence permits an inference that the person on trial is the person who committed the charged offense or offenses. *In re B.A.M.*, 24 Kan. App. 2d 402, Syl. ¶ 1, 945 P.2d 420, *rev. denied* 263 Kan. 886 (1997).

In presenting the case to the jury, the district court identified the defendant as Sybrant. During the City's direct examination, it asked Lieutenant McCaslin whether he had contacted Sybrant on August 26, 2005, and McCaslin affirmed that he had contacted Sybrant. McCaslin then proceeded to relate the events leading to the traffic stop and citations for DUI and failure to maintain a single traffic lane. When asked whether he was able to identify the driver of the vehicle, McCaslin stated that the driver was Sybrant. Based upon this testimony alone, the State presented sufficient evidence from which a jury could conclude beyond a reasonable doubt that the person on trial was the person who had committed the charged offenses.

In addition, however, Sybrant confirmed his identity as the driver of the vehicle stopped by McCaslin when he testified. Sybrant admitted that he was pulled over by McCaslin and that he told McCaslin that he had been drinking. With this additional evidence, there is no question regarding Sybrant's identity as the perpetrator of the charged offenses.

*Did the district court err in refusing to honor Sybrant's request to represent himself at trial?*

Sybrant also challenges the district court's refusal to allow Sybrant to represent himself at trial. The Sixth Amendment to the United States Constitution provides a personal right of defense to a criminal defendant and, accordingly, protects a criminal defendant's ability to represent himself or herself to the extent that the waiver of the competing right to counsel is found to be knowing and intelligent. See *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). However, the *Faretta* Court noted that the right of self-representation is not a license to disrupt the administration of justice. 422 U.S. at 835 n.46.

In the appeal before us, the defendant contends our standard of review of the district court's decision is de novo. Conversely, the State argues our standard of review is abuse of discretion. We submit, based on the issue before us, that to label the standard of review merely produces a distinction without a legal difference. In *State v. Moore*, 287 Kan. 121, 194 P.3d 18 (2008), the Kansas Supreme Court explained that sometimes, abuse of discretion standards are more accurately characterized as questions of law requiring de novo review. An abuse of discretion standard does not mean that a mistake of law cannot be corrected by an appellate court. Rather, a district court necessarily abuses its discretion when it makes an error of law. Under the abuse of discretion standard, an appellate court reviews whether the district court's discretion was guided by erroneous legal conclusions. 287 Kan. at 135. Consequently, we turn to the issue of whether the district court made an error of law when it denied Sybrant's request for self-representation made on the morning of trial.

Sybrant did not file a written motion requesting self-representation but raised the request through his court-appointed attorney on the day of trial, with the jury pool summoned and jury selection to begin momentarily. Upon hearing Sybrant's request, the district court appropriately warned Sybrant of the dangers attending self-representation, including Sybrant's lack of familiarity with the rules of criminal procedure, his lack of understanding about witness ex-

amination, and doubt about Sybrant's legal sophistication to enable Sybrant to adequately prepare and object to jury instructions. Acknowledging his legal ignorance, Sybrant steadfastly insisted that he wished to represent himself, at least to the extent that he could cross-examine the City's witnesses.

Sybrant provided two reasons for wanting to represent himself: (1) He did not want to pay an attorney, and (2) he did not believe that his attorney could adequately prepare for trial. The district court addressed these concerns by noting that Sybrant would have an attorney even if he proceeded pro se because the court would require his court-appointed attorney to assist Sybrant in his defense and by rejecting Sybrant's claim that his attorney was not prepared for trial and assuring Sybrant that he could request time to confer with his attorney throughout the case as necessary. The court then denied Sybrant's request to represent himself.

Following the trial, Sybrant filed a motion for new trial, premised in part upon the district court's refusal to permit Sybrant to represent himself. In denying the motion, the district court emphasized the untimely nature of Sybrant's request for self-representation and noted that Sybrant's concerns with appointed counsel were adequately allayed by the district court.

In response to the timeliness aspect of the district court's ruling, Sybrant relies on *State v. Vann*, 280 Kan. 782, 786-89, 127 P.3d 307 (2006), and *State v. Lowe*, 18 Kan. App. 2d 72, 74-75, 847 P.2d 1334 (1993), for the proposition that a request for self-representation on the day of trial does not constitute a basis for denying the request. However, as the State notes, neither *Vann* nor *Lowe* address the timeliness of the request for self-representation.

In *State v. Cuddy*, 22 Kan. App. 2d 605, 609-10, 921 P.2d 219 (1996), this court did directly consider the timeliness issue. In doing so Judge Rulon (now Chief Judge) distinguished *Lowe* and reviewed opinions from other jurisdictions on the question of the timeliness of a request for self-representation, ultimately adopting a balancing test.

"When considering a criminal defendant's motion for self-representation, a trial court may consider the reasons for the motion for self-representation; the quality of counsel's representation; the length and the stage of the proceedings; and the

potential disruption and delay which could be expected from granting the motion." 22 Kan. App. 2d at 610 (citing *People v. Hall*, 87 Cal. App. 3d 125, 132, 150 Cal. Rptr. 628 [1978]).

While factually distinguishable, *State v. Cromwell*, 253 Kan. 495, 505, 856 P.2d 1299 (1993), has articulated a similar balancing test, emphasizing that the district court's discretion in denying a late request for self-representation involves a balancing of the alleged prejudice to the defendant arising from the denial of his or her request with the disruption of the proceedings, inconvenience and delay in the proceedings, and juror confusion potentially arising if the request is granted.

The district court in the present case clearly considered Sybrant's reasons for requesting self-representation, *i.e.*, the financial repercussions of legally trained representation, the preparedness of Sybrant's appointed counsel, and Sybrant's desire to conduct cross-examination of the City's witnesses. However, the court did not specifically address the remaining considerations articulated by *Cromwell* or *Cuddy*. Consequently, the record does not reflect that granting Sybrant's request for self-representation on the day of trial would have delayed the trial proceedings or caused any greater disruption to the proceedings than normally attends pro se litigation. Moreover, there is no reason to believe that the jury would have been confused by the change in representation since a jury had not yet been empanelled.

Contrary to the apparent reasoning of the district court, a criminal defendant's lack of legal sophistication is not a valid ground for denying the right to self-representation, even if the denial would be in the defendant's best interests. See *State v. Jones*, 290 Kan. 373, 378, 228 P.3d 394 (2010) (citing *Godinez v. Moran*, 509 U.S. 389, 399-400, 125 L. Ed. 2d 321, 113 S. Ct. 2680 [1993]). The critical inquiry is whether the criminal defendant's decision to proceed pro se and waive the right to counsel is knowing and intelligent. See *Jones*, 290 Kan. at 378. The district court did not conduct an appropriate inquiry into Sybrant's decision or appropriately balance the applicable considerations regarding the timeliness of Sybrant's request. Consequently, the record does not support the district court's refusal to allow Sybrant to proceed pro se, and the

case should be reversed and remanded for a new trial. See *Jones*, 290 Kan. at 382-83 (finding structural error in the district court's erroneous refusal to permit the defendant to represent himself).

## CONCLUSION

Although we have affirmed several of the issues raised, because there was structural error in the district court's refusal to permit the defendant to represent himself, we reverse and remand with directions that the convictions are to be vacated and a new trial granted.