NOT DESIGNATED FOR PUBLICATION

No. 113,406

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WADDELL WARREN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed January 8, 2016. Affirmed.

*Waddell Warren*, appellant pro se.

*Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

*Per Curiam*: This appeal concerns one of many attempts by Waddell Warren to challenge the validity of the charging document under which the State charged him and a jury convicted him in 1991 of aiding and abetting aggravated robbery, aiding and abetting aggravated battery, and conspiracy to commit robbery. All of those attempts followed our Supreme Court's decision in Warren's direct appeal. See *State v. Warren*, 252 Kan. 169, 185, 843 P.2d 224 (1992) (vacating Warren's conviction and sentence for aiding and abetting aggravated battery and affirming his remaining convictions and sentences on direct appeal). Warren did not challenge the charging document in that direct appeal.

1

Our close review of the record reveals that dating back to 1997, Warren has repeatedly, but unsuccessfully, attempted in numerous motions to correct an allegedly illegal sentence under K.S.A. 22-3504 and motions for habeas relief under K.S.A. 60-1507. He asked that his convictions be set aside due to jurisdictional defects in the charging document. Many of those proceedings were procedurally faulty. Regardless, in at least one of Warren's many resulting appeals from the district court's denials of his motions, we found that even ignoring the procedural infirmities, Warren's challenges to the charging document failed on the merits. *Warren v. State*, No. 89,230, (Kan. App. 2003) (unpublished opinion) (2003).

The subject of this appeal is Warren's challenge to the district court's denial of his motion for an arrest of judgment he filed in December 2014. In that motion, Warren argued the charging document failed to set out the essential facts of the charged crimes. Finding Warren's motion both procedurally barred and meritless, we affirm.

The authorities Warren cites in support of his contention that he could bring his motion for arrest of judgment at any time do not apply here. Specifically, Warren cites various appellate decisions that discuss the ability to challenge void judgments in other kinds of cases such as probate, foreclosure, and other civil proceedings. See, *e.g.*, *McFadden v. McFadden*, 174 Kan. 533, 538-39, 257 P.2d 146 (1953) (discussing ability to set aside void judgment in probate proceeding under statutory predecessor to K.S.A. 60-260[b][4]); *Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673, Syl. ¶ 2, 135 P.2d 559 (1943) (holding in action to quiet title, "[w]hen a judgment has been entered in a case and has become final, it cannot be collaterally attacked in a subsequent proceeding unless it appears that the judgment is void"); *Ford v. Willits*, 9 Kan. App. 2d 735, 743, 688 P.2d 1230 (1984), *aff'd* 237 Kan. 13, 697 P.2d 834 (1985) (holding timeline for legal or equitable actions to set aside tax foreclosure judgments under K.S.A. 79-2804b inapplicable to void judgments because judgment that is void for lack of due process may be set aside at any time).

2

Our Supreme Court has held statutory provisions such as K.S.A. 2014 Supp. 60-260(b) and K.S.A. 60-2606 that provide means for relief from void or voidable judgments in civil proceedings may not be used as a platform from which to mount a collateral attack on a criminal conviction and sentence. See *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 (2014). Instead, the proper avenue for challenging a defective complaint in a criminal case is a motion for arrest of judgment under K.S.A. 2014 Supp. 22-3502. See *City of Arkansas City v. Sybrant*, 44 Kan. App. 2d 891, 896, 241 P.3d 581 (2010). However, the plain language of K.S.A. 2014 Supp. 22-3502 limits the filing of such motions to "14 days after the verdict or finding of guilty, or after a plea of guilty or nolo contendere, or within such further time as the court may fix during the 14-day period." See *State v. Sellers*, 301 Kan. 540, 545, 344 P.3d 950 (2015) (discussing and applying this deadline for motion for arrest of judgment). Warren's motion at issue here missed that deadline by more than 20 years. Thus, that procedural vehicle is no longer available to him as a ground for relief.

Perhaps in an effort to get around the deadline in K.S.A. 2014 Supp. 22-3502, Warren cited K.S.A. 22-3503 as the statutory authority for the district court to set aside his conviction due to the supposed defective charging document. That statute provides: "Whenever the court becomes aware of the existence of grounds which would require that a motion for arrest of judgment be sustained, if filed, the court may arrest the judgment without motion." However, as our Supreme Court recently recognized, "K.S.A. 22-3503 is not a procedural vehicle that supports a defense motion for arrest of judgment long after a direct appeal has been pursued and decided. It is meant to permit a district judge to arrest judgment *sua sponte* before a direct appeal is taken." 301 Kan. at 547. Obviously, that is not what we have here.

We recognize "[j]udges must liberally construe a pro se pleading to 'giv[e] effect to the pleading's content rather than the labels and forms used to articulate the defendant's

3

argument.' [Citation omitted.]" *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013). In this regard, the district judge interpreted Warren's motion as a motion for habeas relief under K.S.A. 60-1507. However, the judge found that grounds for relief were also unavailable because Warren's motion was both untimely and successive. See K.S.A. 60-1507(c) (noting, "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner"); K.S.A. 60-1507(f) (setting forth time limits for such motions).

We agree.

Warren is correct in his contention that subject matter jurisdiction can be raised at any time. What he fails to understand or appreciate is that "there must be a procedural vehicle for presenting the argument to the court." *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). He has provided us with no such vehicle here.

Finally, we reiterate our holding in denying this same issue in Warren's 2003 appeal. Even ignoring these numerous procedural infirmities, Warren's challenges to the charging document fail on the merits.

Affirmed.