NOT DESIGNATED FOR PUBLICATION

No. 117,093

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD J. LLOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 17, 2017. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: This is Todd J. Lloyd's second appeal from the revocation of his probation following his convictions of aggravated burglary and theft. In *State v. Lloyd*, 52 Kan. App. 2d 780, 375 P.3d 1013 (2016), we remanded Lloyd's case and instructed the district court to apply the correct burden of proof in order to find whether Lloyd had violated his probation. The district court held a new probation revocation hearing, applied the correct burden of proof, found that Lloyd had violated his probation, and revoked the probation and ordered Lloyd to serve his sentence. Now, Lloyd appeals again and claims the district court erred in denying his request for self-representation at the probation

1

revocation hearing. But because Lloyd's request for self-representation was untimely, we conclude the district court did not abuse its discretion in denying the request.

FACTS

We will briefly review the factual and procedural history of Lloyd's case. On February 1, 2013, Lloyd pled no contest to aggravated burglary and theft. The district court sentenced Lloyd to 32 months' imprisonment but granted his request for a dispositional departure to probation for 24 months. In April 2014, the State charged Lloyd with kidnapping. The district court held a preliminary hearing and bound Lloyd over for trial on kidnapping, finding probable cause that he had committed the crime.

As a result of the new kidnapping charge, the State filed a motion to revoke Lloyd's probation. At the subsequent hearing, Lloyd stipulated only to the fact that he was bound over for trial on the kidnapping charge. The State asked the district court to revoke Lloyd's probation based on the probable cause finding made at the preliminary hearing. The district court granted the State's motion and revoked Lloyd's probation.

On appeal, we vacated the district court's probation revocation order, holding that the correct burden of proof at a probation revocation hearing is a preponderance of the evidence, which is a higher standard than probable cause. 52 Kan. App. 2d at 783-84. Thus, we remanded Lloyd's case for a new probation violation hearing, with directions for the district court to apply the correct burden of proof. 52 Kan. App. 2d at 784.

On September 22, 2016, pursuant to the remand order, the district court held a new probation violation hearing. Lloyd was represented by counsel at the hearing. While Lloyd's previous probation revocation was on appeal, a jury had convicted Lloyd of kidnapping. At the State's request, the district court took judicial notice of the kidnapping conviction, as the judge who was presiding over the probation revocation hearing was the

2

same judge who presided over Lloyd's kidnapping case. Relying on the fact that a jury had found Lloyd guilty of kidnapping beyond a reasonable doubt, the district court found that the State proved that he violated his probation by a preponderance of the evidence.

During the hearing, while defense counsel was making his arguments, Lloyd interrupted the proceedings and made a request to represent himself. The district court denied the request and told Lloyd that he could "talk when we come to disposition." Later in the hearing, the district court permitted Lloyd to speak. Lloyd addressed the court and argued at length that there was insufficient evidence to support his kidnapping conviction because there was no evidence that Lloyd held the victim against her will. After hearing from Lloyd, the district court indicated that it would take the disposition of the case under advisement stating:  "I want to think about the comments that have been made today."

On October 14, 2016, the district court held the disposition hearing. Lloyd did not renew his request for self-representation at this hearing. After hearing from counsel, the district court revoked Lloyd's probation and ordered him to serve his underlying sentence with credit for time served. Lloyd timely filed a notice of appeal.

ANALYSIS

The only issue Lloyd raises on appeal is that the district court erred in denying his request for self-representation at the probation revocation hearing. Specifically, Lloyd argues that the district court erred by summarily denying this request without making the appropriate inquiry. Conversely, the State argues that Lloyd's request was untimely; thus, the district court did not abuse its discretion in denying his request.

Generally, the extent of the right to assistance of counsel, including the scope of the right to self-representation, is a question of law over which an appellate court exercises unlimited review. *State v. Jones*, 290 Kan. 373, 376, 228 P.3d 394 (2010). But as we will discuss in more detail herein, if the defendant's request for self-representation

3

is untimely, the district court has discretion whether to grant the request. *State v. Cromwell*, 253 Kan. 495, 505, 856 P.2d 1299 (1993). In this instance, we review the district court's decision for an abuse of discretion. See *Cromwell*, 253 Kan. at 505.

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

The Sixth Amendment to the United States Constitution grants criminal defendants the right to effective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "'The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense.'" *Jones*, 290 Kan. at 379 (quoting *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 [1975]). For a criminal defendant to proceed pro se, the defendant must first clearly and unequivocally express such a desire. *Jones*, 290 Kan. at 376. The defendant must then knowingly and intelligently waive the right to counsel; however, the fact that the defendant is not adequately trained in the law is not a sufficient ground to deny a defendant's request for self-representation. 290 Kan. at 378.

K.S.A. 2016 Supp. 22-3716(b)(2) guarantees defendants the right to counsel during probation revocation proceedings. The statute provides, in relevant part: "The defendant shall have the right to be represented by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant." See *State v. Galaviz*, 296 Kan. 168, 175-76, 291 P.3d 62 (2012).

4

In accordance with these authorities, we find that criminal defendants have a statutory and constitutional right to counsel at probation revocation hearings. In turn, this means that criminal defendants also have the right to self-representation at probation revocation hearings. See *Jones*, 290 Kan. at 379. Before a district court grants or denies a defendant's request for self-representation, a court must make a critical inquiry as to whether the defendant's waiver of counsel is knowing and intelligent. 290 Kan. at 378. A knowing and intelligent waiver requires that the defendant be informed of the dangers of self-representation. 290 Kan. at 376. A denial of a defendant's right to self-representation has been found to be structural error. 290 Kan. at 382.

All this being said, however, the defendant's right to self-representation is not unqualified. For a criminal defendant to be guaranteed the right of self-representation, the defendant must affirmatively assert that right before trial. When a criminal defendant asserts the right of self-representation after the beginning of trial, the district court has discretion whether to grant the request. *Cromwell*, 253 Kan. at 505 (citing *United States v. Mayes*, 917 F.2d 457, 462 [10th Cir. 1990]).

While the *Cromwell* holding specifically refers to trials, we find that the principle applies to a defendant's assertion of the right of self-representation made with respect to probation revocation proceedings. Stated differently, to have an unqualified right to self-representation at a probation revocation hearing, the defendant must make such a request within a reasonable time before the hearing begins. As Lloyd did not ask to represent himself until the middle of the probation revocation hearing, the district court had discretion whether to grant the request. Our task on review is to determine whether the district court abused its discretion in denying Lloyds request. 253 Kan. at 505.

Our Supreme Court has set forth a balancing test for determining whether a district court abuses its discretion when denying a defendant's untimely assertion of the right of self-representation at trial: "In exercising that discretion, a court should balance the

5

alleged prejudice to defendant with 'disruption of the proceedings, inconvenience and delay, and possible confusion of the jury,' and should also consider the reason for the request and the quality of counsel's representation." *Cromwell*, 253 Kan. at 505 (quoting *Mayes*, 917 F.2d at 462). The *Cromwell* court held that the district court did not abuse its discretion in denying the defendant's request for self-representation—made after the State's third witness had testified in a jury trial—reasoning that such a late request could have been disruptive to the proceedings and confused the jury. 253 Kan. at 504-07.

Additionally, in *State v. Cuddy*, 22 Kan. App. 2d 605, 610, 921 P.2d 219 (1996), this court provided a similar balancing test when a criminal defendant made an untimely request for self-representation: "[A] trial court may consider the reasons for the motion for self-representation; the quality of counsel's representation; the length and the stage of the proceedings; and the potential disruption and delay which could be expected from granting the motion." This court held that the district court did not abuse its discretion by denying the defendant's motion for self-representation made the first day of a jury trial, reasoning that the defendant presented no justification for his dissatisfaction with counsel and that the defendant could have made his motion earlier. 22 Kan. App. 2d at 609-11.

We acknowledge that in *City of Arkansas City v. Sybrant*, 44 Kan. App. 2d 891, 901-04, 241 P.3d 581 (2010), this court held that the district court erred in denying the defendant's request for self-representation made on the first day of a jury trial before the jury panel had been seated for jury selection to begin. This court found that the district court's apparent reason for denying the request based on the defendant's lack of legal sophistication was not a valid ground for denying the right to self-representation, even if the denial may have been in the defendant's best interests. 44 Kan. App. 2d at 903. The facts of *Sybrant* are clearly distinguishable from the facts herein because in *Sybrant* the district court considered and denied the defendant's request for self-representation on its merits, and the record did not reflect that granting the request would have delayed the trial proceedings or confused the jury. 44 Kan. App. 2d at 901-04.

6

Here, Lloyd did not make his request for self-representation until the middle of the probation revocation hearing. From the context of the hearing transcript, it appears that Lloyd wanted to represent himself so he could argue that his kidnapping conviction was based on insufficient evidence. While the district court did not allow Lloyd to disrupt the middle of the proceedings, the court ultimately permitted Lloyd to make his arguments, including his argument that his kidnapping conviction was based on insufficient evidence. Lloyd fails to make any claim on appeal that there was some other issue he would have raised had he been allowed to represent himself at the hearing.

The record reflects that Lloyd filed many pro se motions in this case, so he certainly could have filed a timely motion to proceed pro se at the probation revocation hearing. Instead, he waited until the middle of the hearing to attempt to assert his right of self-representation. Granting Lloyd's request for self-representation at that point certainly would have disrupted the proceedings. More importantly, Lloyd was not prejudiced by the denial of his request because the record reflects that he was allowed to make the entire argument he wanted to make to the court. The reason for Lloyd's request for self-representation was satisfied. Finally, the record reflects that the quality of Lloyd's counsel's representation was clearly adequate and there was no conflict between Lloyd and his counsel. Balancing the factors set forth in *Cromwell* and *Cuddy*, we conclude that the district court did not abuse its discretion in denying Lloyd's untimely request for self-representation at his probation revocation hearing.

Affirmed.