NOT DESIGNATED FOR PUBLICATION

No. 121,155

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARIAUS LAVAR WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed August 28, 2020. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., STANDRIDGE and GARDNER, JJ.

PER CURIAM: Dariaus Williams appeals his convictions for felony identity theft and misdemeanor theft, challenging the sufficiency of the evidence showing that he was the person who committed these crimes. After reviewing the record, we find the evidence, when viewed in the light most favorable to the State, supports the jury's verdict. We thus affirm Williams' convictions.

FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2018, a man who identified himself as Williams (and provided Williams' telephone number and Florida address) rented Room 208 at the Extended Stay

1

Hotel in Overland Park. Three days later, the man returned to the front desk where an employee, Normita Martinez, helped him process a payment to extend his stay in the room.

Martinez recalled that the man placed a credit card in the credit-card processor's chip reader. Martinez stated that the man then was "looking on his phone" and "typing something . . . just like putting in a password and everything." The processor returned a card error, and the man left the front desk. He later returned and tried a second time, but this second attempted payment also did not work. The man left again and returned about five minutes later for a third try, which was successful. Martinez did not see the card or cards the man swiped when he extended his stay because she was also helping another guest at the time.

That same day in Minnesota, Benjamin and Melissa Bauer noticed a pending charge of $99 at the Extended Stay Hotel in Overland Park on their joint debit/credit card. The Bauers quickly canceled the card and began to investigate. Melissa called the hotel and spoke to Michael Dennert, the hotel's team leader. After searching the hotel's database, Dennert found the Bauers' credit card had been used to pay for Room 208 earlier that day by a man who identified himself as Dariaus Williams. The Bauers had never been to Overland Park, did not know Williams, and had not given him permission to use their card. The next morning—May 4, 2018—Dennert called the police to report the fraudulent activity.

Officers from the Overland Park Police Department arrived at the hotel later that day to investigate. Dennert showed them surveillance footage of the man extending his stay at the hotel and gave the officers the Bauers' contact information. The footage was not high definition but showed a tall black man at the front desk speaking to Martinez.

Detective Greg Kedrovsky, a financial-crimes investigator at the police department, arrived at the hotel soon after. Dennert provided Detective Kedrovsky with Williams' name and the address he had used to check in; the detective used that information to look up Williams' driver's license information and accompanying photograph. The officers then went to the room that had been rented with the Bauers' card. When no one answered the door in Room 208, Dennert opened the door so the officers could investigate. The room was empty but showed signs of recent use—there were cans of soda, bottles of liquor, dirty clothes, toothbrushes, and phone chargers strewn about. The officers attempted to collect items that might contain DNA evidence or fingerprints but were unable to collect any physical evidence matching Williams.

After attempting to collect physical evidence from Room 208, Detective Kedrovsky created a lineup of photos—including Williams' driver's license picture—to show to Martinez to see if she could pick out the man who had extended his stay with the Bauers' credit card. Although she did not give the police any physical description of Williams, Martinez "immediately" picked him out of the photo lineup "without hesitation." Martinez later confirmed her identification of Williams during his trial.

Later that day, a package containing a pair of Nike sneakers arrived at the hotel; the package was addressed to Dariaus Williams and specifically listed Room 208 in the address line. A person called the hotel, indicating that he had previously stayed in Room 208 and that a package was delivered there for him. Upon receiving the package, Dennert again called the police, who came and picked it up.

The State charged Williams with felony identity theft and misdemeanor theft. The case against Williams proceeded to a jury trial, and he was convicted on both counts. The district court sentenced Williams to an underlying prison sentence of 15 months, then suspended that sentence and placed him on 18 months' probation. Williams appeals.

DISCUSSION

When a defendant challenges the sufficiency of the evidence in a criminal case, we review the entire record in a light most favorable to the State and ask whether we are convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). For the evidence to be sufficient, "there must be evidence supporting each element of [the] crime." *State v. Kettler*, 299 Kan. 448, 471, 325 P.3d 1075 (2014). In making this inquiry, we will not reweigh evidence, resolve evidentiary conflicts, or make determinations about the credibility of witnesses. *Chandler*, 307 Kan. at 668; *State v. Lloyd*, 299 Kan. 620, 632, 325 P.3d 1122 (2014). And convictions need not be proved by direct evidence; circumstantial evidence may be sufficient to support a verdict so long as "it permits the factfinder to draw a reasonable inference regarding the fact(s) in issue." *State v. Banks*, 306 Kan. 854, 859, 397 P.3d 1195 (2017); see also *In re B.A.M.*, 24 Kan. App. 2d 402, 403, 945 P.2d 420 (finding the juvenile defendant's "identity could be inferred from the circumstantial evidence presented"), *rev. denied* 263 Kan. 886 (1997).

Williams argues that the State did not present sufficient evidence for the jury to conclude that he was the person who committed the charged offenses—that is, he contends the State did not establish his identity as the man who used the Bauers' credit card to pay for Room 208. But the State presented evidence that tended to show, both directly and indirectly, that Williams was the man who used the Bauers' credit card at the hotel on May 3, including:

- The positive identification of Williams out of a photo lineup—made by Martinez, who processed the transaction to extend Williams' stay in Room 208 on May 3 with (what turned out to be) the stolen card;

- Surveillance footage, which showed a man matching Williams' physical characteristics using a credit card to rent Room 208;

4

- Williams' personal information in the hotel system as the guest in Room 208, including his name, phone number, and residential address; and

- A package addressed to Williams that was sent to Room 208.

On appeal, Williams attempts to poke holes in the evidence presented at trial and claims that "no reasonable juror would have accepted that [he] was the person who used the credit card." In his attempt to show the inadequacy of the State's evidence, Williams points to several matters affecting the weight of certain evidence that was presented—not its sufficiency as proof of his guilt. But appellate courts do not reweigh the evidence presented or reevaluate the jury's credibility determinations.

For example, Williams points out that Martinez was busy helping another customer during the transaction on May 3, implying she was too distracted to be able to later accurately identify him in a photo lineup. Williams also contends that the hotel employee who checked him in initially—on April 30—should have been asked to identify him. But the jury was presented with these same arguments at trial when the hotel clerk and the detective were cross-examined by his trial counsel. The jury, not this court, was charged with assessing these witnesses' credibility.

Williams also maintains that the surveillance footage showing a man matching his appearance checking in to the hotel was grainy and "failed to capture a good view of the face of the individual who used the credit card to check in." And Williams argues that the package of Nike shoes addressed to him was unreliable evidence because "no officer ever attempted to verify [his] actual shoe size." Again, these points go to the weight, not the sufficiency, of the evidence presented. The footage was played for the jury to examine and consider during his trial. And Williams was free to argue—and did argue—any points that might show the box of shoes was not intended for him.

Contrary to Williams' contentions, the jury was presented with sufficient evidence from which it could infer his identity as the man who used the Bauers' credit card to rent Room 208 at the Extended Stay Hotel. Martinez's identification of Williams, the hotel's documentation of Williams' personal information, the security footage of the transaction, and the package addressed to Williams all support the jury's determination of Williams' guilt. When viewed in a light most favorable to the State, sufficient evidence was presented to support Williams' identity as the man who used the Bauers' credit card.

Affirmed.