(152 P.3d 89)
No. 95,975

BYRON D. PORTER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed February 23, 2007.

*Timothy J. Grillot*, of Parsons, for appellant.

*Steven W. Wilhoft*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BUKATY, S.J.

McANANY, J.: Byron D. Porter entered into a plea agreement which resulted in him pleading no contest to aggravated robbery. The State agreed to dismiss other charges and to recommend a downward departure sentence of 60 months' imprisonment. After accepting Porter's plea and finding him guilty, the court scheduled a sentencing hearing. Porter failed to appear at the sentencing hearing and a bench warrant was issued. Porter was apprehended in Oklahoma and brought back for a rescheduled sentencing hearing. At the hearing he agreed that his criminal history was C, though he claimed that when he entered his plea he thought his criminal history was D. The difference arose from a juvenile conviction for burglary which Porter acknowledged to be accurate. Porter's presumptive sentence range was from 96 to 107 months in prison. The court asked Porter why the court should consider a departure since Porter fled the jurisdiction after the plea hearing. Porter offered no excuse and acknowledged the stupidity of having absconded, but nevertheless requested a downward departure sentence. When the court asked the State for its position, the prosecutor responded: "State needs to stand by its plea agreement." The court denied Porter's motion for a downward departure and sentenced him to 107 months in prison.

Porter appealed the denial of his departure motion. The Kansas Supreme Court held it was without jurisdiction to consider an attack on his presumptive sentence. *State v. Porter*, No. 89,857, unpublished opinion filed October 31, 2003. Almost a year later, Porter moved to withdraw his plea based upon the sentencing court's refusal to follow the plea agreement and his claim that the State failed to honor it at the sentencing hearing. The motion was summarily denied and no appeal was taken.

Porter then filed the current K.S.A. 60-1507 motion in which he claimed the State did not honor the plea agreement, and the sentencing court's failure to follow the plea agreement violated his constitutional rights. At the hearing on his motion the parties agreed there was no need for the presentation of evidence and submitted the matter on the arguments of counsel. Following the arguments of counsel the court denied the motion and this appeal followed.

The district court, subject to an abuse of discretion standard, determines whether the claims asserted in a K.S.A. 60-1507 motion are substantial before granting an evidentiary hearing and ordering the defendant's presence at the hearing. *Laymon v. State*, 280 Kan. 430, 436-37, 122 P.3d 326 (2005); Supreme Court Rule 183(h) (2006 Kan. Ct. R. Annot. 227). If the motion, files, and records of the case conclusively show that the movant is not entitled to relief, the district court has discretion to summarily deny the motion. *Lujan v. State*, 270 Kan. 163, 170, 14 P.3d 424 (2000); Supreme Court Rule 183(f).

Porter's first argument is that the State is bound by the plea agreement. In the statement of facts in his brief, Porter states: "The State on appeal opposed the defendant's position and did not uphold the plea agreement." He provides no citation to the record to support this conclusory statement. Porter's brief fails to comply with Supreme Court Rule 6.02(d) (2006 Kan. Ct. R. Annot. 36). We presume there is no support in the record for this statement and, hence, will disregard it. *Ortiz v. Biscanin*, 34 Kan. App. 2d 445, Syl. ¶ 1, 122 P.3d 365 (2004). Further, in presenting this first argument, Porter states in his brief: "The appellate file in the original criminal case and the responses in the instant action indicate that once the court sentenced the defendant the State did not uphold or support the plea agreement." Porter fails to tell us with any degree of specificity how the State failed to honor the agreement. Porter may be arguing that once he breached his contract with the State by seeking to withdraw the plea he had agreed to enter, the State nevertheless had an ongoing obligation to perform under the contract which he himself had repudiated and refused to honor. We could speculate that this interesting issue is what Porter is driving at, but decline to engage in such speculation. This issue has been waived. See *State v. Holmes*, 278 Kan. 603, 622, 102 P.3d 406 (2004).

Porter's second argument is that the court was obligated to sentence Porter under category D or at least consider a departure from that level. In the first sentence of his argument, Porter states that "the court cannot enhance the level of the felony based upon subsequently discovered felonies." This did not occur here. Porter's

crime was a level 3 person felony. He was sentenced for a level 3 person felony.

In the next sentence, Porter states that "[t]he trial court must inform the defendant of his potential penalties." This happened here. Before Porter entered his plea, the court advised him that if the court were to accept his plea, his sentence would depend upon his criminal history and could be from 55 months to 247 months. Porter's sentence of 107 months was within this range. The court was not required to be any more specific. See *State v. Ford*, 23 Kan. App. 2d 248, 251, 930 P.2d 1089 (1996), *rev. denied* 261 Kan. 1087 (1997).

Porter also relies on the holding in *State v. Haskins*, 262 Kan. 728, 731, 942 P.2d 16 (1997), and argues that his plea was not made knowingly and voluntarily because he thought at the time his criminal history score was D when, in fact, it was C. We note that the defendant in *Haskins* was found to have knowingly entered his plea, even though he and the State were mistaken about his criminal history score at the time the agreement was made.

Next, Porter relies on the holding in *Ford*. He quotes from *Ford* (1) the requirements that the court must (a) inform the defendant of the consequences of the plea, including the level of the crime and the maximum penalty; and (b) address the defendant personally and determine that the plea is voluntarily and knowingly made; and (2) that a plea is void if induced by promises or threats that deprive it from its voluntary character. The standards cited by Porter in *Ford* have been met in this case. The district court found that Porter's plea was voluntarily and knowingly made. We examine the district court's ruling on this issue to determine if its factual findings are supported by substantial competent evidence, and whether those facts support its conclusions of law. *Haskins*, 262 Kan. at 731.

Here, Porter received a sentence of 107 months. His plea agreement stated that his sentence could range anywhere from 55 to 247 months' imprisonment. Porter acknowledged in the agreement that he understood that all his relevant past criminal conduct could be taken into account at sentencing. Porter is presumed to have known his criminal history when he entered into the plea agree-

ment. See *State v. Tallchief*, No. 90,373, unpublished opinion filed February 20, 2004, *rev. denied* May 26, 2004 (defendant responsible for telling his trial counsel his criminal history). The plea agreement correctly identified his crime as a level 3 person felony. Porter ultimately was sentenced for a level 3 person felony. Porter claims he thought his maximum sentence would be 94 months if the court failed to follow the plea agreement. However, before Porter entered his plea, the court advised him that his sentence could be from 55 months to 247 months. Porter was advised that the court was not required to follow the plea agreement. Porter told the court he did not have any questions about the consequences of his plea. There was substantial competent evidence to support the district court's finding that Porter's plea was voluntarily and knowingly made.

Finally, Porter makes the statement, without argument, that the court denied his motion to withdraw his plea without a hearing and without argument. Porter's statement is correct. Porter did not appeal that ruling. He now seeks to raise the issue in this 60-1507 proceeding. A 60-1507 motion cannot be used as a substitute for a direct appeal absent a showing that there were trial errors affecting constitutional rights and there were exceptional circumstances excusing the failure to appeal. Supreme Court Rule 183(c)(3); *Bruner v. State*, 277 Kan. 603, 607, 88 P.3d 214 (2004). Porter shows neither. Further, the denial of a motion to withdraw a plea after sentencing lies within the trial court's discretion, which will not be disturbed absent an abuse of that discretion. *Moses v. State*, 280 Kan. 939, 945, 127 P.3d 330 (2006). Porter has the burden to prove an abuse of discretion. *State v. Beauclair*, 281 Kan. 230, 236, 130 P.3d 40 (2006). For all the reasons discussed earlier, we find no abuse of discretion in the court's ruling.

Affirmed.