(265 P.3d 574)
No. 105,156

STATE OF KANSAS, *Appellee*, v. KRISTOPHER JAY STEPHENS, *Appellant*.

Opinion filed November 18, 2011.

*Matthew J. Edge*, of Kansas Appellate Defender Office, for appellant.

*William T. North*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MCANANY and ARNOLD-BURGER, JJ.

MCANANY, J.: In its plea agreement with Kristopher Stephens, the State agreed to dismiss a criminal threat charge and amended a felony sale of marijuana charge to a misdemeanor. In return, Stephens agreed to plead guilty to the reduced misdemeanor drug charge and to felony possession of drug paraphernalia.

Before accepting Stephens' plea, the court informed him of the maximum possible sentence for each crime. Stephens told the court he understood that his presumptive sentence would be determined by the severity level of his crime as well as his criminal history. Stephens stated that he understood that if his criminal history was found to be different than presently disclosed, his sentence might be affected but he would have no right to withdraw his plea. Stephens stated that he understood that the court was not bound by any plea agreement and was not required to follow it, but could impose the maximum legal sentence if it believed such a sentence was appropriate. Stephens acknowledged that there had been no promises other than those stated in open court that had caused him to enter his plea.

At Stephens' initial sentencing hearings, the presentence investigation revealed that he had previously undisclosed misdemeanors in Colorado, three of which converted into a felony for the purposes of Stephens' criminal history. This changed Stephens' anticipated criminal history score from H, which called for presumptive probation, to D, which called for presumptive prison. The hearing was continued to allow Stephens to respond.

Stephens then moved for a downward durational dispositional sentencing departure and requested probation. When the sentencing hearing resumed, the district court denied Stephens' departure motion and sentenced him to concurrent sentences of 24 months for the drug paraphernalia conviction and 6 months for the possession of marijuana conviction.

Thereafter, Stephens moved to withdraw his guilty plea. In his written motion, Stephens claimed his counsel was ineffective at the plea and sentencing hearings. He claimed that his lawyer told him that he only had two prior misdemeanor convictions and would receive probation. Stephens maintained that he was unaware that the district court could depart from the plea agreement. He claimed he would not have pled guilty had he known that he would be incarcerated.

At the hearing on Stephens' motion, Stephen's testified that the plea agreement provided that he would get probation, and "[t]he second [the judge] told me he was going to give me two years, before I signed any papers, I said I want to withdraw it, right now. This is not what we agreed on."

Stephens' lawyer testified that he relied on the information Stephens provided him about previous convictions and that he did not promise Stephens probation but reviewed the range of sentences that the court could impose.

The district court denied Stephens' motion, and Stephens appeals.

We apply the abuse of discretion standard to the district court's ultimate decision to deny Stephens' motion to withdraw his plea. See *State v. Plotner*, 290 Kan. 774, 777, 235 P.3d 417 (2010). But the penultimate claim of ineffective assistance of counsel involves mixed questions of law and fact. On that claim we examine the record for supporting facts and apply those facts de novo to determine whether they demonstrate ineffective assistance of counsel. See *State v. Sanchez-Cazares*, 276 Kan. 451, 457, 78 P.3d 55 (2003). In doing so, we examine the familiar elements of performance and prejudice to determine if Stephens is entitled to relief. See *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985).

Stephens states that his counsel knew that he had a criminal history in Colorado and should have contacted the relevant courts to learn the extent of Stephens' convictions. Stephens acknowledges that there is no Kansas authority to support this proposition. He admits that in Kansas "counsel has no duty to investigate crim-

inal history." However, he contends that *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), "suggests otherwise." We do not read *Padilla* that way.

The *Padilla* Court held that defense counsel had an obligation to tell his client, a native Honduran who had been a lawful resident in the United States for more than 40 years, that deportation was a probable consequence of a guilty plea to a drug crime. Defense counsel told Padilla that he did not have to worry about his immigration status because he had been in this country so long. This advice was wrong, and the United States Supreme Court held that "when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." *Padilla*, 559 U.S. at 369.

Stephens' reliance on *Padilla* is misplaced. *Padilla* is an immigration case. The only issue the United States Supreme Court decided was whether defense counsel had a duty to inform his client, known to be a resident alien, of the effect of a guilty plea on the client's immigration status. The *Padilla* Court did not extend its ruling to obligate defense counsel to correctly predict a client's probation or prison sentence, nor did the *Padilla* Court impose upon counsel the duty to investigate the citizenship or immigration status of every client in a criminal case.

Padilla's counsel knew his client was a resident alien. Stephens' counsel did not know his client had three misdemeanor convictions in Colorado that could be aggregated so as to be treated as a felony for sentencing purposes. Stephens knew of his three Colorado convictions but failed to tell his lawyer.

Further, this area of law is settled in Kansas. Under existing law Stephens' counsel satisfied his obligations by reasonably informing Stephens of the range of penalties and discussing Stephens' options. See *State v. Solomon*, 257 Kan. 212, 223, 891 P.2d 407 (1995). A criminal defendant is presumed to know his or her own criminal history. See *Porter v. State*, 37 Kan. App. 2d 220, Syl. ¶ 4, 152 P.3d 89, *rev. denied* 284 Kan. 946 (2007). We find it exceedingly improbable that the holding in *Padilla* would be extended to require every lawyer in a criminal case to ignore the client's statement of his or her past crimes, to conduct an independent search of the court records throughout the country, and

to compile a criminal history that duplicates the presentence investigation report prepared by court staff.

It is clear from Stephens' testimony that this is a case of buyer's remorse. Stephens understood when he entered his plea that the court was not bound by the plea agreement. Nevertheless, the moment the court imposed the sentences, Stephens decided he wanted to withdraw his plea because "[t]his is not what we agreed on." The district court did not err in denying relief on Stephens' motion.

Affirmed.