NOT DESIGNATED FOR PUBLICATION

No. 114,832

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY JOHN MILO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed December 9, 2016. Affirmed.

*Clayton E. Gillette*, of Gillette Law Office, LLC, of Kansas City, Missouri, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and LEBEN, JJ.

*Per Curiam*:  Gregory John Milo appeals the district court's summary denial of his postsentence motion to withdraw plea. For the reasons stated herein, we affirm the district court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

We will set forth the factual and procedural background in detail. On July 21, 2011, Milo pled no contest to one count of attempted first-degree murder, one count of aggravated robbery, and one count of attempted aggravated robbery. In return, the State

1

dismissed additional charges of aggravated kidnapping, attempted aggravated robbery, aggravated battery, possession of a firearm by a felon, and possession of marijuana with intent to distribute. The State also agreed to request the mid-box sentence for attempted first-degree murder and request that the sentences run concurrently.

Milo was represented by David Magariel. At the plea hearing, Milo informed the district court that he was 22 years old, he had graduated high school, he was not under the influence of alcohol or drugs, he understood the crimes with which he had been charged, he had time to consult with Magariel about the charges and his plea, Magariel had explained the penalties for the crimes, Magariel had answered all of his questions, and he was satisfied with Magariel's services.

The district court advised Milo that depending on his criminal history score his potential sentences would be as follows: (1) a minimum of 147 months' imprisonment and a maximum of 653 months' imprisonment for attempted first-degree murder; (2) a minimum 55 months' imprisonment and a maximum of 247 months' imprisonment for aggravated robbery; and (3) a minimum of 31 months' imprisonment and a maximum of 136 months' imprisonment for attempted aggravated robbery. Milo told the court that he understood the possible sentences.

Milo confirmed that he signed the plea agreement, he understood that the agreement was only a recommendation that was not binding on the district court, he understood the court could impose any penalty allowed by the law, and he understood all the rights he was forfeiting through his no contest plea. At the State's request, the district court took judicial notice of the testimony from the preliminary hearing. The district court confirmed that Milo was present at the preliminary hearing, understood the court would use the facts from that hearing to determine if there was sufficient evidence to support his plea, and understood that, if a sufficient factual basis for the plea existed, the plea would be accepted and he would be found guilty and sentenced as if he had pled guilty.

The district court reiterated that although Milo was not admitting guilt, he would be found guilty if he pled no contest and there was a sufficient factual basis for the charges. Magariel informed the district court that he was satisfied that there was sufficient evidence to support the charges. Finally, Milo told the district court that he was entering the no contest plea voluntarily and of his free will and had not been threatened or made any promises outside of what was contained in the plea agreement. The district court accepted Milo's no contest plea.

Milo's presentence investigation (PSI) report indicated that his criminal history score was "C." This score was based on Milo's past criminal history of: (1) two nonperson felony convictions of forgery from Missouri; (2) a nonperson misdemeanor conviction for giving false information to an officer from Missouri; and (3) a juvenile adjudication for first-degree robbery, a person felony, from Missouri. On August 30, 2011, Milo, through Magariel, filed an objection to the PSI report, arguing that his juvenile adjudication for first-degree robbery was not a proper conviction under Kansas law and must be stricken from his criminal history calculation. After the removal of this adjudication, Milo claimed his criminal history score should be "F."

On August 31, 2011, Milo filed a pro se motion to withdraw his no contest plea. In his motion, Milo argued: (1) Magariel had told him the plea agreement was for a 214-month sentence; (2) his plea was based off of his criminal history score being "F" rather than "C;" (3) Magariel had told him that a plea of no contest meant that the district court could find him not guilty; (4) there was insufficient evidence to support his conviction of attempted first-degree murder; and (5) his aggravated robbery and attempted aggravated robbery convictions were multiplicitous.

At a hearing on September 1, 2011, Magariel informed the district court that Milo needed a new appointed attorney because his pro se motion alleged that Magariel had "advised him inappropriately as to some legal matters in the case." The district court

3

agreed and allowed Magariel to withdraw. The district court subsequently appointed Zane Todd to represent Milo.

On November 1, 2011, the State filed a response to Milo's motion to withdraw his plea. The State acknowledged that all parties believed that Milo would have a criminal score of "F." However, the State argued that this did not result in Milo's plea not being knowing or voluntary because Milo had been advised of the maximum and minimum penalties for his offenses and because Milo had been advised that the court was not bound by the plea agreement. The State also argued that Magariel's alleged statement to Milo that he could be found not guilty if there was not a sufficient factual basis for his no contest plea did not provide good cause to withdraw his plea. Finally, the State noted that, while Milo does not specifically argue ineffective assistance of counsel, "his arguments, taken cumulatively, could be seen as such. Therefore, an analysis of the effectiveness of Mr. Magariel must be taken into account."

On November, 9, 2011, the district court held a hearing on Milo's motion to withdraw his plea. Milo testified that he believed a no contest plea meant that the court could still find him not guilty based on the evidence and he believed there was a high probability that he would be found not guilty because there was no evidence. Milo also testified that he informed Magariel that he had a prior adult forgery conviction and a prior juvenile conviction of first-degree robbery. According to Milo, Magariel said he would be in the "F" box and receive a sentence of 214 months' imprisonment.

Magariel also testified at the hearing. As to Milo's criminal history, Magariel testified Milo told him that he had a prior forgery conviction in Jackson County, Missouri. Magariel testified that he consulted with the State about Milo's criminal history because "it was a higher level case." Magariel testified that it appeared from the NCIC that Milo had a second forgery conviction and misdemeanors with unknown dispositions. Magariel also called Milo's Missouri public defender and confirmed that the only

4

convictions he was aware of were Milo's two forgery convictions. Magariel testified that Milo never informed him that he had a juvenile robbery adjudication. Had Milo informed him of this adjudication, Magariel testified that he would have advised him he would have a criminal history score of "C."

Magariel also testified that he told Milo that a no contest plea did not require him to admit guilt, but he was not contesting the facts of the case. Magariel also informed Milo that the State would provide a factual basis for the plea and the judge would determine if that basis was sufficient to find him guilty. Magariel testified that he told Milo that it was possible for the judge to find him not guilty, "but that that was extremely unlikely, and that for all intents and purposes, he would be found guilty."

Magariel also testified that he went over the plea form with Milo line by line to ensure that he understood it thoroughly. Magariel informed Milo that (1) it was a mid-box plea; (2) he thought his criminal history score was "F," which would result in a sentence of 214 months' imprisonment; (3) the plea called for the sentences for the counts to run concurrently; (4) the court did not necessarily have to follow the plea agreement, but he had reason to believe it would; and (5) the maximum sentencing exposure if Milo went to trial was a lot greater. Magariel testified that during their conversation Milo asked him, "Can you assure me I'm going to get 214 months?" Magariel responded, "As long as your only criminal history is those two prior forgeries, that's what you will get."

After hearing the evidence, the district court made a ruling from the bench. The district court utilized the *Edgar* factors to determine whether there was good cause to allow Milo to withdraw his plea. See *State v. Edgar*, 281 Kan. 30, 36-38, 127 P.3d 986 (2006). First, the district court evaluated whether Milo was represented by competent counsel. The district court noted Magariel's lengthy experience as a public defender. The district court also found that Magariel's testimony showed he had made "more than due diligent inquiries into [Milo's] criminal history." Specifically, the district court cited

5

Magariel's testimony that (1) he asked Milo what his criminal history was; (2) he called Milo's Missouri public defender to inquire about Milo's convictions; (3) he inquired with the State as to what convictions Milo had on the NCIC; and (4) he was knowledgeable of the impact of juvenile adjudications on a defendant's criminal history score. For these reasons, the district court found that Magariel provided Milo with competent counsel.

Next, the district court found that there was no evidence that Magariel mistreated, coerced, or took unfair advantage of Milo. The district court then turned to whether Magariel intentionally or unintentionally misled Milo about his criminal history score. The district court found that it did not believe that Milo had informed Magariel of his juvenile adjudication for first-degree robbery, perhaps because Milo hoped the adjudication would not be discovered. The district court cited Milo's prior crimes of dishonesty and Magariel's knowledge of the impact of a felony adjudication on Milo's criminal history score as reasons for not believing Milo's testimony. The district court found that Milo was not misled in anyway by Magariel regarding his plea. Rather, the district court concluded that Milo failed to provide full information to Magariel.

The district court also found that Milo was fully informed of the potential sentences he could receive and that the court was not bound by the plea agreement. The district court also found that Milo was aware that he could be found guilty or not guilty when he entered a no contest plea and Magariel had informed him that it was extremely unlikely the court would not accept the factual basis for the plea. The district court found that the plea was fairly and voluntarily entered into and understandingly made. For these reasons, the district court concluded that there was not reasonable grounds or good cause to withdraw the plea and denied Milo's motion.

The district court held a sentencing hearing on December 15, 2011. At the hearing, the district court denied Milo's objection to the inclusion of his juvenile adjudication for first-degree robbery in his criminal history score and found that he had a criminal history

6

score of "C." The district court sentenced Milo to: (1) 272 months' imprisonment for his conviction of attempted first-degree murder; (2) 59 months' imprisonment for his conviction of aggravated robbery; and (3) 32 months' imprisonment for his conviction of attempted aggravated robbery. The district court ordered the sentences were ordered to run concurrently giving Milo a controlling sentence of 272 months' imprisonment.

Milo appealed the denial of his motion to withdraw his plea, and this court issued an opinion on October 4, 2013. *State v. Milo*, No. 108,228, 2013 WL 5507288 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1106 (2014). This court held that the district court was correct when it found that Magariel provided competent counsel and made diligent inquiries into Milo's criminal history. 2013 WL 5507288, at *4. The court also held that there was no evidence of coercion, mistreatment, or unfair advantage. 2013 WL 5507288, at *4. This court determined that the district court properly applied the *Edgar* factors and did not abuse its discretion when it denied Milo's motion to withdraw his plea. 2013 WL 5507288, at *5. Further, this court concurred that there was no reasonable grounds or good cause to permit Milo to withdraw his plea on the basis that he believed he would be found not guilty if he entered a plea of no contest. 2013 WL 5507288, at *5. Finally, this court also rejected Milo's claim that using his prior convictions to calculate his criminal history score violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). 2013 WL 5507288, at *5. For these reasons, this court affirmed the district court's denial of Milo's motion to withdraw his plea. 2013 WL 5507288, at *6.

On August 20, 2015, Milo filed a motion to withdraw his plea after sentencing under K.S.A. 2015 Supp. 22-3210. Milo raised the following claims in his motion: (1) Magariel was constitutionally ineffective for failing to make a record of the presumptions regarding Milo's criminal history that formed the basis for the plea agreement; (2) Magariel was constitutionally ineffective for failing to adequately and reasonably investigate Milo's criminal history score prior to Milo entering the no contest plea; (3)

7

Magariel was constitutionally ineffective for failing to competently explain to Milo his rights to withdraw a no contest plea; and (4) his appellate counsel was constitutionally ineffective for failing to argue that the district court applied an incorrect legal standard in denying the presentence motion to withdraw plea.

The State filed a response to Milo's motion on August 25, 2015. The State argued that Milo's motion was barred by res judicata because Milo had appealed on the issue of ineffective assistance of counsel and had received an adverse ruling. The State requested that the district court summarily deny Milo's motion.

The district court ruled on Milo's motion on October 28, 2015. The district court noted that Milo previously had filed a motion to withdraw his plea, which had received an evidentiary hearing, a final judgment on the merits, and had been affirmed on direct appeal. The district court found that Milo's current motion sought a second or successive hearing on his motion to withdraw his plea and raised the same cause of action, involved the same parties, and sought the same relief. For these reasons, the district court found that res judicata precluded Milo from litigating a second motion to withdraw his plea and denied his motion. Milo timely filed a notice of appeal.

DID THE DISTRICT COURT ERR IN DENYING MOTION BASED ON RES JUDICATA?

Milo first claims the district court erred when it ruled that res judicata barred consideration of his postsentence motion to withdraw his plea. Milo asserts that he did not raise ineffective assistance of counsel in his presentence motion to withdraw his plea. Instead, Milo asserts that his presentence motion to withdraw his plea and his direct appeal only raised three issues: (1) The district court failed to consider whether a mutual mistake between the parties as to Milo's criminal history score constituted good cause sufficient to allow him to withdraw his no contest plea; (2) Milo did not understand that

8

the district court could find him not guilty if he entered a no contest plea; and (3) the use of Milo's prior convictions violated the ruling in *Apprendi*, 530 U.S. 466.

The State responds that the district court properly found that Milo's motion was barred by res judicata. The State argues that res judicata applies because Milo was able to and actually did attack the quality of Magariel's representation in his presentence motion to withdraw his plea and he could have raised any other ineffective assistance of counsel claims at that time. The State points to the district court's finding that Magariel provided competence representation and notes that this court affirmed that ruling on appeal.

A court may, after sentencing, set aside the judgment of conviction and allow the defendant to withdraw his or her plea to correct manifest injustice. K.S.A. 2015 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016). However, when a district court summarily denies a postsentence motion to withdraw a plea without argument or additional evidence, as in this case, appellate review is de novo because this court has the same access to the motions, records, and files as the district court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014). Also, whether res judicata applies in a case is an issue of law subject to plenary review. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015).

Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). Issues that could have been raised are deemed waived and abandoned. 299 Kan. at 901. Res judicata prevents relitigation when the following conditions occur:  (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity in the quality of persons for or against whom claim is made. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013). These elements have also been stated as "'(1) same claim; (2) same

9

parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012)

Although res judicata has four elements, there is only one question central to resolving whether res judicata applies to Milo's ineffective assistance of trial counsel claims. There is no dispute that Milo's presentence motion to withdraw his plea and his postsentence motion to withdraw his plea involved the same parties, Milo and the State. The remaining question then is whether Milo raised or could have raised his ineffective assistance of trial counsel claims during his presentence motion to withdraw his plea. If Milo did raise his ineffective assistance of counsel claims or could have raised them in his presentence motion, all elements of res judicata are met because the same claim was raised or could have been raised and a final judgment on the merits was made.

Whether Magariel provided Milo with effective representation permeated the proceedings on Milo's presentence motion to withdraw his plea. Milo's pro se motion to withdraw his plea alleged that Magariel told him his plea agreement was for a 214-month sentence and that a plea of no contest meant that the district court could find Milo not guilty. Based on these allegations, Magariel felt compelled to withdraw from the case because the competence of his representation was an issue raised by the motion.

In his testimony, Milo claimed that Magariel told him that a no contest plea meant that the district court could find him not guilty and, based on his conversation with Magariel, there was a likelihood he would be found not guilty. Milo also testified that he informed Magariel of his forgery conviction and his juvenile robbery adjudication prior to entering his plea. According to Milo, Magariel told him that his criminal history score was "F" and this would result in a sentence of 214 months' imprisonment.

Magariel's testimony was detailed as to his discussions with Milo about his criminal history, including a denial that Milo ever informed him of his Missouri juvenile

10

adjudication for robbery. Magariel also testified to the specifics of his conversation with Milo about the effect of a no contest plea and the unlikely prospect that the district court would find him not guilty. Finally, Magariel provided detailed testimony of his conversations with Milo regarding how his potential criminal history score would affect his sentence based on the sentencing guidelines and grid.

In its ruling, the district court found that Magariel provided Milo with competent representation and provided reasoning supporting its finding. This court's opinion in Milo's direct appeal affirmed the district court's finding that Magariel provided competent representation. Thus, the issue of Magariel's representation was at issue from the moment Milo filed his presentence motion to withdraw his plea until this court issued its opinion in Milo's direct appeal.

Although Milo did not label his claim in the presentence motion to withdraw his plea as ineffective assistance of counsel, it was, in fact, such a claim. Milo claimed his trial counsel was ineffective by not investigating his criminal history score and by telling him he could be found not guilty in a no contest plea. Based on the allegations in the motion, Magariel withdrew as counsel, the district court appointed new counsel and held an evidentiary hearing, and both Milo and Magariel testified at the hearing, giving opposing versions of the facts. The district court found Magariel's testimony credible, specifically ruled that Magariel had provided competent representation, and this court affirmed that ruling on appeal.

All four elements of res judicata applied as to Milo's ineffective assistance of trial counsel claim: (1) same claim; (2) same parties; (3) claims were or could have been raised in prior proceeding; and (4) final judgment on the merits. See *Martin*, 294 Kan. at 641. Thus, we conclude that the district court did not err in finding that Milo's ineffective assistance of trial counsel claim in his postsentence motion to withdraw his plea was barred by res judicata.

11

However, we cannot reach the same conclusion as to Milo's claim of ineffective assistance of appellate counsel. This claim obviously was not raised in Milo's presentence motion to withdraw his plea nor could it have been raised. In summarily denying Milo's postsentence motion to withdraw his plea, the district court did not address the claim of ineffective assistance of appellate counsel, and it appears that the district court simply overlooked this claim in summarily denying Milo's motion. Thus, we conclude that Milo's claim of ineffective assistance of appellate counsel in his postsentence motion to withdraw his plea was not barred by res judicata because Milo did not raise that claim in his presentence motion and there was no final judgment on the merits of that claim.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Because Milo's ineffective assistance of appellate counsel claim in his postsentence motion to withdraw his plea was not barred by res judicata, we will address the merits of that claim. Specifically, Milo claims that his appellate counsel was ineffective for failing to argue on direct appeal that the district court erred when it shifted the burden to Milo to understand and report his criminal history.

To establish ineffective assistance of counsel on appeal, defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2104).

Milo claims that the district court's finding that it did not believe Milo told Magariel about his juvenile robbery adjudication, perhaps because he hoped it would not be discovered, was based on an improper legal standard. He claims this was an error of law because a criminal defendant does not have a duty to provide his or her criminal

12

history. As a result, Milo claims that had this argument been raised on direct appeal, this court would have found an abuse of discretion and reversed the denial of his motion to withdraw his plea.

The problem with Milo's argument is that this court considered this issue on direct appeal even though the issue was not specifically raised by Milo's appellate counsel. In upholding the denial of Milo's presentence motion to withdraw his plea, this court stated:

> "The district court correctly found that Milo was represented by competent counsel who made diligent inquiries into Milo's criminal history. There is also a lack of any evidence of coercion, mistreatment, or unfair advantage. The court found Milo was not misled, Milo's testimony that he told Magariel about the juvenile robbery adjudication was not credible, and perhaps Milo hoped it would not be discovered. The court concluded that Milo did not disclose full information about his criminal past, which prevented Magariel from providing proper advice. Milo certainly did not have a duty to disclose his criminal history. See *State v. Garcia*, 295 Kan. 53, 67, 283 P.3d 165 (2012) (Rosen, J., concurring) ('It has never been the duty or obligation of a criminal defendant to provide his or her criminal history.'). However, we can take Milo's failure to disclose a known conviction into consideration when contemplating a mutual mistake under the *Edgar* factors.
> "Most importantly, the district court considered the circumstances giving rise to the mutual mistake when the court essentially found that Milo was the only person who realistically could have known about his juvenile record. This consideration affected each of the *Edgar* factors because it indicated that counsel was competent, the State did not mislead or take advantage of Milo, and the plea was fairly and understandingly made." *Milo*, 2013 WL 5507288, at *4-5.

The district court did not improperly shift the burden to Milo to report his criminal history score. We note that a defendant is presumed to know his criminal history score when he enters into a plea agreement. *Porter v. State*, 37 Kan. App. 2d 220, 223-24, 152 P.3d 89 (2007). Although a defendant has no duty to disclose his or her criminal history to the State, this does not mean that a defendant should not be candid with his or her

attorney when disclosing all prior convictions or juvenile adjudications that may be included in the defendant's criminal history. Thus, it was not deficient representation for Magariel to expect Milo to accurately provide him with his complete criminal history.

In Milo's first appeal, this court noted that a defendant does not have a duty to disclose his or her criminal history to the State. However, this court held that the district court's finding that Milo failed to disclose his known juvenile adjudication to Magariel was an appropriate consideration to determine whether he should be allowed to withdraw his plea under the *Edgar* factors. Thus, in the first appeal, this court addressed the very argument that Milo now claims his appellate counsel was ineffective for failing to raise. Because Milo is unable to show how he was prejudiced by his counsel's failure to raise this issue in the initial appeal, his claim of ineffective assistance of appellate counsel fails. See *Miller*, 298 Kan. at 930-31.

Affirmed.